```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAID GSSIME,

                    Plaintiff,

        -against-                       ORDER
                                        12-CV-2533(JS)(ETB)
NASSAU COUNTY COURTHOUSE, NASSAU
COUNTY DISTRICT ATTORNEY, NASSAU
COUNTY LEGAL AID ATTORNEYS,
MR. JOHN BRAY,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Said Gssime, Pro Se
                    98-A-5384
                    Coxsackie Correctional Facility
                    P.O. Box 999
                    Coxsackie, NY 12051

For Defendants:     No Appearance
```

SEYBERT, District Judge:

On May 14, 2012, incarcerated pro se plaintiff Said Gssime ("Plaintiff") filed his ninth in forma pauperis Complaint in this Court, five of which have been dismissed for failure to state a claim upon which relief may be granted.[1] See Gssime v. Psychotheraptist Ms. ADA Sandoval, 09-CV-4465 (RRM)(RER); Gssime v. Psychotherapist Ms. ADA Sandoval, 09-CV-2820 (RRM)(ALC); Gssime v. Attorney Albert Talero, 09-CV-2822 (RRM)(ALC); Gssime v. Advanced Center of Psychotherapy, 09-CV-2823 (RRM)(ALC); Gssime v. Bray, et

---

[1] Plaintiff's other cases are Gssime v. Dr. Watson, et al., 09-CV-5581(JS)(pending); Gssime v. Wasserman, et al., 09-CV-5674 (JS)(ETB) (dismissed without prejudice for failure to prosecute by Order dated February 23, 2011); and Gssime v. Greiner, 02-CV-4602(JBW) (habeas petition denied by Order dated October 29, 2003, Weinstein, D.J.)

al., 06-CV-04988(JS)(ETB).

Given Plaintiff's pattern of vexatious litigation, by Order dated August 3, 2010, this Court revoked Plaintiff's in forma pauperis status pursuant to the Prison Litigation Reform Act's "three strikes" provision outlined in 28 U.S.C. § 1915(g). See Gssime v. Wasserman, et al., 09-CV-5674 (Order revoking in forma pauperis status dated August 3, 2012, Seybert, D.J.). Congress enacted the Prison Litigation Reform Act ("PLRA") "with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007). To facilitate Congress' intention "the PLRA contains a 'three-strikes' rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits unless the exception for imminent danger applies." Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009). For the "imminent danger" exception to § 1915(g) to apply, the plaintiff must plead facts that indicate he is facing "imminent danger" contemporaneous to the filing of the complaint. See Pettus, 554 F.3d at 297; Malik v. McGinnis, 293 F.3d 559, 562 (2d Cir. 2002).

Here, Plaintiff does not allege that he is facing imminent danger. Indeed, the events described in the Complaint are alleged to have occurred in 1997. Therefore, Plaintiff's Complaint clearly does not fall within the imminent danger exception to 28 U.S.C. § 1915(g).

Because Plaintiff has already exceeded his "three-

strikes" (see Gssime v. Bray et al., 09-CV-5674, Order, dated August 3, 2010, Seybert, D.J.), Plaintiff is barred from proceeding in forma pauperis. Accordingly, **the instant Complaint is conditionally dismissed unless Plaintiff pays the entire $350.00 filing fee within thirty (30) days from the date that this Order is served upon him.** If Plaintiff fails to timely pay the filing fee, the case shall be dismissed with prejudice. Word v. Annucci, 09-CV-8983(DLC), 2010 WL 2179954, at *2-3 (S.D.N.Y. May 27, 2010).

Further, Plaintiff is cautioned that prepayment of the filing fees does not except him from the requirements of 28 U.S.C. § 1915A. The Court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                                SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:      June    21   , 2012
            Central Islip, New York