UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAID GSSIME,

                Plaintiff,

                                       ORDER
      -against-                  12-CV-2533(JS)(ETB)

NASSAU COUNTY JUDGE PAUL KAWANTA,
NASSAU COUNTY COURTHOUSE, NASSAU
COUNTY DISTRICT ATTORNEY DENNIS
DILLON, NASSAU COUNTY LEGAL AID
ATTORNEYS KENNETH ROSS AND
WILLIAM JOHNSON, AND DEFENSE
ATTORNEY JHON BRAY,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Said Gssime, Pro Se
                     98A5384
                     Coxsackie Correctional Facility
                     P.O. Box 999
                     Coxsackie, NY 12051

For Defendants:    No Appearance

SEYBERT, District Judge:

       By Order dated June 21, 2012, the undersigned conditionally dismissed the in forma pauperis Complaint filed by incarcerated pro se plaintiff Said Gssime ("Plaintiff") on May 14, 2012. Given that Plaintiff had filed nine in forma pauperis Complaints in this Court, five of which had been dismissed for failure to state a claim upon which relief may be granted,[1] the Court revoked his in forma pauperis status pursuant to the Prison

---

[1] See Gssime v. Psychotheraptist Ms. ADA Sandoval, 09-CV-4465 (RRM)(RER); Gssime v. Psychotherapist Ms. ADA Sandoval, 09-CV-2820 (RRM)(ALC); Gssime v. Attorney Albert Talero, 09-CV-2822 (RRM)(ALC); Gssime v. Advanced Center of Psychotherapy, 09-CV-2823 (RRM)(ALC); Gssime v. Bray, et al., 06-CV-04988 (JS)(ETB).

Litigation Reform Act's "three strikes" provision outlined in 28 U.S.C. § 1915(g).  See Gssime v. Wasserman, et al., 09-CV-5674 (Order revoking in forma pauperis status dated August 3, 2012, Seybert, D.J.).

Pursuant to this Court's June 21, 2012 Order, Plaintiff has timely filed the $350.00 filing fee.  Plaintiff was cautioned, however, that his payment of the filing fees does not except him from the requirements of 28 U.S.C. § 1915A and that the Court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See Order, dated June 21, 2012, Seybert, D.J.; see also 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  The Court has reviewed Plaintiff's Complaint and, in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A, now sua sponte dismisses the Complaint for failure to state a claim upon which relief may be granted and because it seeks monetary relief from Defendants who are immune from such relief.

## DISCUSSION

I. Standard of Review

Given Plaintiff's pro se status, the Court is mindful that his "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d (2009), and if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, if amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. Cuoco, 222 F.3d at 112.

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to sua sponte dismiss a frivolous case. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (a district court may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee); see also Hawkins-El III v. AIG Federal Savings Bank, 334 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's sua sponte dismissal of fee paid frivolous complaint); Reyes v. Reyes, No. 11-CV-2536 (KAM), 2011 WL 3625562, *2 (E.D.N.Y. Aug. 16, 2011) (dismissing fee paid complaint sua sponte); Gianello v. Port Authority of N.Y. and N.J., No. 11-

CV-3829 (JGK), 2011 WL 2436674 (S.D.N.Y. June 16, 2011) ("The Court has the authority to dismiss sua sponte a complaint, or portion thereof, for which a plaintiff has paid the filing fee where the plaintiff presents no arguably meritorious issue.").

The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915(e)(2)(B).

II. The Complaint

Plaintiff's Complaint is difficult to comprehend. It appears that Plaintiff seeks to challenge his underlying 1998 criminal conviction in Nassau County Court pursuant to Section 1983.[2] The Complaint is largely comprised of a disjointed narrative and diatribe. For example, Plaintiff claims that his "victims were from a [J]ewish decent [sic] [and then-Nassau County District Attorney Denis Dillon] was also from a [J]ewish decent [sic] and Plaintiff, who is a half [F]rench and a half Moroccan [C]hristian decent [sic] was the victim of racial discrimination and that's simply because of his name, race, origins, ethnicity. . . . Compl. at page 8.[3] According to the Complaint, the claims

---

[2] Plaintiff was convicted of arson in the second degree and criminal contempt in the first degree after he set fire to a home in which his young daughter, estranged wife and in-laws were sleeping. He was sentenced, respectively, to concurrent terms of 12 1/2 to 25 years and 1 1/3 to 4 years in prison. See Gssime v. New York State Div. of Parole, 84 A.D.3d 1630, 1631, 923 N.Y.S.2d 307, 308 (3d Dep't 2011).

[3] Plaintiff's Complaint begins on the Court's Section 1983 complaint form and has annexed to it an additional 11 typed pages setting forth Plaintiff's "Statement of Claim." For clarity, the

4

arise "from the acts of [sic] the omissions of the defendants, details of said acts or omissions are as . . . for [u]njust conviction, injustice, abuse of power in violation of the plaintiff's due process of law, and in violation of the State and United States Constitutions." Compl. at page 4. Plaintiff claims that, on April 30, 1997, he "was arrested and [has] wrongfully been placed behind bars for a crime he didn't commit." Id. Prior to May 5, 1997, when Judge Goodman is alleged to have assigned two Legal Aid Attorneys (Defendants Kenneth Ross and William Johnson in this action) to represent the Plaintiff in his pretrial criminal proceedings, Plaintiff claims that he was tortured by unnamed officers at the Nassau County Correctional Center, who are alleged to have been ordered to torture him by then-Nassau County D.A. Dillon. Id. Plaintiff describes that his "top teeth has [sic] been broken there [sic] are so called evidence to prove that the dental surgeon at the Nassau County Medical Center had removed them from the inside gums in small pieces, since Plaintiff was tortured behind the glass and close[d] doors . . . ." Compl. at page 5. Plaintiff further claims that his assigned Legal Aid Attorneys "have illegally signed a waiver of Plaintiff's rights without even

---

Court will refer to these pages by the number assigned by the Electronic Case Filing System ("ECF") to each such page. Plaintiff has also annexed to his Complaint a 25-page exhibit that appears to be an Application for a Writ of Error Coram Nobis and a Notice of Motion to Vacate the Judgment of Conviction addressed to the Nassau County Court.

visiting with him and without his consent which is fraud, perjury, and discrimination against the Constitutional rights of the Plaintiff. . . ." Id.

According to the Complaint, Justice Kawanta, who is alleged to have presided during Plaintiff criminal trial and pre-trial proceedings, ordered a mental health competency exam of Plaintiff resulting in an examination of Plaintiff by two court-appointed psychiatrists. Compl. at page 7. Plaintiff complains that his attorneys were not notified about the examination. Id. Plaintiff further claims that he "was not represented by an [a]ttorney during all pre-trial legal proceedings which is a violation of his due process of law . . . ." Compl. at page 11.

As a result of the foregoing, Plaintiff seeks to recover eighty-five million dollars ($85,000,000.00) as well as his "[i]mmediate relief from his defective and unconstitutional conviction." Compl. at page 16.

III. Immunity

Plaintiff's claims against the Nassau County District Attorney, Justice Kawanta, and the Nassau County Courthouse are barred by immunity.

A.  Prosecutorial Immunity - Nassau County District Attorney

Plaintiff seeks to sue the Nassau County District Attorney for alleged "act and omissions" leading to the Plaintiff's "unjust conviction." The Nassau County District Attorney is

6

entitled to absolute prosecutorial immunity from Plaintiff's damages claims. The Second Circuit has long held that:

> Absolute immunity affords 'complete protection from suit,' Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' Imbler v. Pachtman, 424 U.S. 409, 424-25, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The doctrine's nature 'is such that it "accords protection from . . . any judicial scrutiny of the motive for and reasonableness of official action,"' Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quoting Robinson v. Via, 821 F.2d 913, 918 (2d Cir. 1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985)).

In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95-96 (2d Cir. 2007). Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, i.e., those acts "intimately associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430, 96 S. Ct. 984; see also Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001), but not for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather

7

than that of advocate." Imbler, 424 U.S. at 430-1, 96 S. Ct. 984. Absolute prosecutorial immunity applies, inter alia, when a prosecutor prepares to initiate and pursues a prosecution, see, e.g., Kent v. Cardone, 404 F. App'x 540, 542-43 (2d Cir. Jan. 5, 2011); Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, Van de Kamp v. Goldstein, 555 U.S. 335, 342-43, 129 S. Ct. 855, 861-2, 172 L. Ed. 2d 706 (2009).

Here, Plaintiff has alleged no conduct by the Nassau County District Attorney that falls outside the scope of prosecutorial immunity as defined by federal law. Accordingly, Plaintiff's damages claims against the Nassau County District Attorney are barred by absolute prosecutorial immunity and are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A.

B. Judicial Immunity - Justice Paul Kawanta

"It is well settled that 'judges generally have absolute immunity from suits for money damages for their judicial actions' and that 'even allegations of bad faith or malice cannot overcome judicial immunity.'" McKeown v. N.Y. State Commission on Judicial Conduct, 377 F. App'x 121, 123 (2d Cir. 2010) (quoting Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009)). Unless a judge acts "in the clear absence of all jurisdiction," he or she is protected by judicial immunity. Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir.

8

1997) (citation omitted).  However, "[a]s a general matter, judges are not absolutely immune from suits for prospective injunctive relief."  McKeown, 2010 WL 1977825 at *2 (citing Mireles v. Waco, 502 U.S. 9, 10 n. 1, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam).  An exception to this rule is provided by Section 1983, which reads in relevant part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; see also Caroselli v. Curci, 371 F. App'x 199, 202 (2d Cir. 2010) (injunctive relief against state court judges is statutorily barred by § 1983) (citing Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam)).

Here, given a liberal construction, Plaintiff's claims against Justice Kawanta involve his performance of his judicial function.  Specifically, Plaintiff appears to challenge Justice Kawanta's orders during his underlying criminal proceeding, including that Plaintiff undergo a mental examination.  Such acts were clearly taken while Justice Kawanta was acting in his judicial role in the criminal proceeding.  Accordingly, Plaintiff's claim for money damages against Justice Kawanta are barred by absolute judicial immunity from suit.  To the extent that Plaintiff seeks injunctive relief against Justice Kawanta, he does not allege that a declaratory decree was violated or that declaratory relief was

9

unavailable. Accordingly, § 1983 relief is not available and Plaintiff claims against Justice Kawanta are DISMISSED WITH PREJUDICE.

> C. Eleventh Amendment Immunity - The Nassau County Courthouse

To the extent that the Plaintiff names the Nassau County Courthouse as a Defendant and seeks relief against it under § 1983, it is immune from such suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). As agencies or arms of the State of New York, the courts are immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Saint-Fleur v. City of New York, No. 99-CV-10433 (WHP), 2000 WL 280328, *2 (S.D.N.Y. Mar. 14, 2000) (collecting cases); Vishevnik v. Supreme Court, 99-CV-3611, 1999 WL 796180, *1 (S.D.N.Y. Oct. 6, 1999) ("agencies, such as the state courts, are absolutely immune from suit [in federal court], regardless of the relief sought"); Carp v. Supreme Court, No. 98-CV-0201, 1998 WL 236187 at *2 (N.D.N.Y. May 5, 1998) ("the State Supreme Court and the Appellate Division are . . . immune from suit under the Eleventh Amendment"); see also Mathis v. Clerk of the First Dep't, 631 F. Supp. 232, 234 (S.D.N.Y. 1986) ("the Appellate Division, a state court, is not amenable to suit under 42 U.S.C. § 1983 . . . on the grounds that

it is immune from suit by virtue of the Eleventh Amendment."). Accordingly, Plaintiff's claims against the Nassau County Courthouse are barred by the Eleventh Amendment and are therefore DISMISSED WITH PREJUDICE.

IV. <u>Section 1983 Claims Against Ross, Johnson and Bray</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United states . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person action under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Cornejo v. Bell</u>, 592 F.3d 121, 127 (2d Cir. 2010) (quoting <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999); <u>see also</u> <u>Rosa R. v. Connelly</u>, 889 F.2d 435, 440 (2d Cir. 1989).

Generally, attorneys, whether with the Legal Aid Society, court-appointed or privately retained, are not state actors for purposes of Section 1983. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312,

11

325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); see also Brown v. Legal Aid Society, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Schnabel v. Abramson, 232 F.3d 83, 86-87 (2d Cir. 2000) ("a legal aid society is ordinarily not a state actor"); Flores v. Levy, No. 07-CV-3753 (JFB)(WDW), 2008 WL 4394681, at * 7 (E.D.N.Y. Sept. 23, 2008) (accord). Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325.

As is readily apparent, the allegations in the Complaint are insufficient to state a Section 1983 conspiracy claim against Defendants Ross, Johnson and Bray.[4] Accordingly, Plaintiff's

---

[4] Even if Plaintiff were to amend his Complaint to include allegations supporting a conspiracy, all of the challenged conduct occurred in 1997-98, well beyond the three (3) year statute of limitations applicable to Section 1983 and 1985 claims. See, e.g., Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989) (Section 1983 limitations period is three years in New York); Bezerra v. County of Nassau,

12

Section 1983 claims against Defendants Ross, Johnson and Bray are dismissed.

V. <u>Section 1983 Claims Seeking Prospective Injunctive Relief</u>

Apart from the fact that any Section 1983 claims arising from conduct alleged to have occurred during 1997-98 is barred by the three-year statute of limitations, Plaintiff's claim for prospective injunctive relief is implausible because he seeks only his "[i]mmediate release from his defective and [u]nconstitutional conviction." Compl. at page 16. It is well-established that where "'a prisoner's victory in a § 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence,' the § 1983 suit must be dismissed, since a <u>habeas</u> petition is the appropriate vehicle by which to request relief from illegal confinement.'" <u>Ingram v. Herrick</u>, No. 11-CV-1318, 2012 WL 1352922, at *1 (2d Cir. Apr. 19, 2012) (quoting <u>McKithen v. Brown</u>, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis omitted); <u>see also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 481–82, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Plaintiff has already sought relief from his alleged illegal confinement, having filed a petition for a writ of <u>habeas corpus</u> on July 15, 2002. Senior Judge Weinstein denied that petition in its entirety in a comprehensive and well-reasoned Memorandum and Order dated October 29, 2003. <u>See</u> <u>Gssime v.</u>

---

846 F. Supp. 214, 220 (E.D.N.Y. 1994) (N.Y. C.P.L.R. § 214(5)'s three year statute of limitations applies to Section 1983 and 1985 claims).

Greiner, No. 02-CV-4602(JBW), 03-Misc-0066(JBW), 2003 WL 23185772 (E.D.N.Y. Oct. 29, 2003) and Plaintiff has not appealed the October 29, 2003 Memorandum and Order. Accordingly, the injunctive relief sought by Plaintiff in his instant Complaint is unavailable.

CONCLUSION

For the reasons set forth above, Plaintiff's fee-paid Complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   2  , 2012
       Central Islip, New York